UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
NOV 1 5 2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 12-30106(03)-RAL |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DENYING PRODUCTION OF INTERVIEW NOTES |
| -vs- | |
| DANIEL GANGONE, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUMMARY

Daniel Gangone moves the Court for an order requiring the Government to produce the handwritten notes made of his interview with drug task force officers. The Government resists, arguing that he is not entitled to the interview notes. Because the notes are neither *Jencks* Act[1] material nor are discoverable under *Brady v. Maryland*[2] or on some other basis, Gangone's production motion is denied.

## BACKGROUND

On April 21, 2010, Benjamin Estes and Dustin Baxter, both officers assigned to the Northern Plains Safe Trails Drug Enforcement Task Force, interviewed Gangone. The interview took place in the officers' vehicle at two locations not far from Gangone's

---

[1] *See* 18 U.S.C. §3500.

[2] 373 U.S. 83 (1963).

residence. During the interview, Estes took notes of what Gangone said. These notes were then used to prepare a typewritten 302 report that Estes dictated two days later.

Gangone filed a motion seeking production of the notes Estes made of the interview. Gangone argued that the notes were needed to assess the reliability of Estes's 302 report and because they were "likely [to] include material that f[ell] within the scope of *Brady*." The Government objected to the disclosure of the interview notes to anyone, even the Court. Over the Government's objection, the Court ordered that the notes and the report be sent to it for *in camera* review. The Court thereafter read the notes and compared them with the report, checking the latter for accuracy.

## DISCUSSION

### A. *Jencks* Act

At the outset, the Government's position is not at odds with its responsibilities under the *Jencks* Act. The Act does not apply to any statements made by Gangone himself, but rather only to "a government witness or prospective Government witness (*other than the defendant)*".[3] What's more, the notes were neither "adopted" by him nor a "verbatim recital" of his remarks and therefore did not constitute a "statement" within the meaning of the Act.[4] And any alleged "statements" made by Estes (and there appear to be none),

---

[3] §3500(a) (emphasis added).

[4] *See* §3500(e)(1)-(2).

2

would consist solely of his "interpretations or impressions," which the Supreme Court has held are "not to be produced."[5]

Inasmuch as Estes's interview notes do not include statements made by a government witness,[6] the *Jencks* Act does not require that they be produced.[7]

**B. *Brady***

In *Brady*, the Supreme Court held that the prosecution's suppression of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the prosecution's good or bad faith.[8] According to the Court, allowing the prosecution to withhold evidence on demand which, if made available, would tend to exculpate the accused or reduce his penalty, does not comport with standards of justice."[9]

Here, Estes's penned notes are not favorable evidence. Instead, they are duplicative and merely repeat what is already set forth in his previously disclosed 302 report. Significantly, Gangone's ability to cross-examine Estes at trial will not be compromised (and was not hampered at the suppression hearing) by the lack of disclosure and the notes

---

[5]*Palermo v. United States*, 360 U.S. 343, 353 (1959).

[6]*See* §3500(e).

[7]*See United States v. Wright*, 540 F.3d 833, 842 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 2377 (2009).

[8]*See* 373 U.S. at 87.

[9]*See id.* at 87-88.

3

are not "additionally exculpatory."[10] The Government thus is not obliged to produce the notes under *Brady*.

**C. Bad Faith, Substantive Variance and Prejudice**

In any event, there is no bad faith on the part of the Government in its handling of the handwritten notes. It retained the notes after the 302 report was prepared and submitted them, when directed, to the Court for *in camera* review.[11]

Furthermore, the report did not vary, in any material respects, from Estes's notes. This being the case, Gangone cannot claim that he has been or will be prejudiced by the Government's failure to turn over the notes.[12]

## CONCLUSION

Gangone is not entitled to Estes's contemporaneous interview notes under the *Jencks* Act, *Brady* or otherwise. His motion, seeking to require the Government to produce the notes, is without any legal or factual basis and must, per force, be denied.

Accordingly, it is hereby

---

[10]*United States v. Greatwalker*, 356 F.3d 908, 912 (8th Cir. 2004); *see also United States v. Grunewald*, 987 F.2d 531, 535 (8th Cir. 1993) (the Government's failure to produce the handwritten notes of an IRS agent did not violate *Brady*).

[11]*See United States v. Leisure*, 844 F.2d 1347, 1361 & n. 10 (8th Cir.), *cert. denied*, 488 U.S. 932 (1988); *United States v. Williams*, 604 F.2d 1102, 1116-17 & n. 7 (8th Cir. 1979).

[12]*See Greatwalker*, 356 F.3d at 911; *Grunewald*, 987 F.2d at 535; *Leisure*, 844 F.2d at 1361.

4

ORDERED that Gangone's motion to require the production of interview notes[13] is denied.

Dated this 15th day of November, 2012, at Pierre, South Dakota.

BY THE COURT:

/s/ Mark A. Moreno
_____
MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

---

[13] *See* Dkt. Nos. 56 at p.1 and 57 at p.3.